IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Albert Charles Burgess Jr., #88539-071, ) | C/A No.: 1:14-3157-RBH-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Attorney General of South Carolina and ) | |
| Attorney General of the United States, ) | |
| ) | |
| Respondents. ) | |
| ) | |

Petitioner Albert Charles Burgess Jr. is an inmate incarcerated at the Federal Correctional Complex in Butner, North Carolina, who files this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice and without requiring respondent to file an answer.

I.     Factual and Procedural Background

Petitioner indicates that after pleading guilty to criminal sexual conduct with a minor in an Anderson County circuit court in August 1985, he was sentenced to 25 years. [Entry #1 at 1]. Petitioner states that he filed a direct appeal, a PCR application, and a 28 U.S.C. § 2254 petition concerning his 1985 conviction, that were all denied. *Id.* at 2–3. Petitioner was released from prison on an unknown date. *Id.* at 3. On August 10, 2010,

Petitioner was sentenced in the United States District Court for the Western District of North Carolina to a term of imprisonment of 292 months on the charges of: (1) possession of materials involving the sexual exploitation of minors and (2) knowingly receiving by computer visual depictions that involved the use of a minor engaging in sexually explicit conduct. *See United States v. Burgess*, C/A No.: 1:09-cr-17-GCM-DLH, Entry #185 (W.D.N.C. Aug. 10, 2010).[1] He files this instant habeas petition alleging that his 1985 conviction was illegal and was improperly used to enhance his August 2010 federal sentence. *Id.* at 4–6.

II.     Discussion

   A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this pro se petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se petitions are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se petition, the petitioner's allegations

---

[1] It is appropriate for this court to take judicial notice of Petitioner's prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (citation omitted).

are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

It is well-settled that an individual must be in custody to be eligible for federal habeas corpus relief. 28 U.S.C. § 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986). More specifically, a habeas petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91, (1989). Here, Plaintiff seeks to attack his 1985 conviction, for which he was sentenced to 25 years imprisonment and subsequently released. Petitioner is currently incarcerated on an August 2010 federal conviction.

Plaintiff argues that he should be allowed to challenge his 1985 conviction because it was used to enhance the sentence for which he is currently imprisoned. However, for policy reasons, a prisoner may not challenge a prior conviction used to enhance a current sentence unless in the proceeding resulting in the prior conviction there was a failure to appoint counsel in violation of *Gideon v. Wainwright*, 372 U.S. 335, 83 (1963). *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 403–04 (2001). Where

3

the prior conviction is no longer open to direct or collateral attack in its own right because the defendant either failed to pursue those remedies while they were available or pursued them unsuccessfully, relief by way of 28 U.S.C. § 2254 is unavailable. *Id*. This is because of the need for finality of convictions and other concerns related to the administration of justice based on the substantially diminishing likelihood that state court records and transcripts of prior convictions will be retained and will remain accessible for review. *Id*.

Because Petitioner is not "in custody" within the meaning of 28 U.S.C. § 2254(a) on the 1985 conviction, the court lacks subject matter jurisdiction over the petition. Therefore, the undersigned recommends that the petition be summarily dismissed.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that this case be dismissed without prejudice.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

August 14, 2014                                            Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).