IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Albert C. Burgess, Jr., #88539-071 ) | Civil Action No.: 1:14-cv-3157-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Attorney General of South Carolina ) | |
| and Attorney General of the United ) | |
| States, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, a federal inmate[1] proceeding *pro se*, initiated this suit by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on August 7, 2014. *See* Pet., ECF No. 1. The matter is now before the court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Shiva V. Hodges, filed on August 14, 2014.[2] *See* R & R, ECF No. 8. In her R & R, the Magistrate Judge recommends that Petitioner's petition be dismissed without prejudice and without requiring Respondent to file a return. *See id.* at 4.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the

---

[1] Petitioner is incarcerated at the Federal Correctional Complex in Butner, North Carolina.
[2] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C.

recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("[D]e novo review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir.2005). Furthermore, in the absence of specific objections to the R & R, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## DISCUSSION

Petitioner is currently in federal custody after being sentenced in August 2010 to a term of imprisonment of 292 months by the United States District Court for the Western District of North Carolina. *See* Judgment, *United States v. Burgess*, No. 1:09-cr-17-GCM-DLH (W.D.N.C. Aug. 10, 2010). Petitioner's Petition, however, seeks to challenge a 1985 South Carolina conviction in the Anderson County Court of General Sessions for criminal sexual conduct with a minor. *See* ECF No. 1 at 1. Petitioner acknowledges he served his sentence for this conviction and was released on an unspecified date. *See id.* at 2–3. In the Petition, Petitioner alleges that this conviction was illegal and was improperly used to enhance his August 2010 federal sentence. *See id.* at 4–6.

In the R & R, the Magistrate Judge recommends the Court dismiss the Petition without prejudice. *See* ECF No. 8 at 4. The Magistrate Judge notes that Petitioner must be "in custody" to be eligible for federal habeas relief, meaning he must be in custody under the conviction or sentence he seeks to attack at the time the petition is filed. *See id.* at 3. The Magistrate Judge notes that Petitioner seeks to challenge a 1985 conviction for which he has already served his sentence and been released. *See id.* The Magistrate Judge explains that Petitioner may not challenge the enhancement of his federal sentence using this conviction either, as that conviction is no longer open to direct or collateral attack in its own right. *See id.* at 3–4. Thus, because Petitioner is not "in custody" within the meaning of 28 U.S.C. § 2254(a) on the 1985 conviction, the Magistrate Judge recommends the Court find that it lacks subject matter jurisdiction over the petition. *See id.* at 4.

Petitioner filed objections to the Magistrate Judge's R & R. These objections were largely irrelevant to the findings in the R & R. Instead, Petitioner expresses his frustration that the state court is "sitting" on his post-conviction relief petition.[3] *See* ECF No. 11 at 1. Petitioner argues that he may not assert his claims via a § 2255 petition and that "it must be brought up in state court." *See id.* at 2. However, he claims that the state court "has skipped its responsibility." *See id.* He then contends that he is in fact in custody pursuant to the unconstitutionally obtained South Carolina conviction. *See id.* Finally, he asserts that he would change the grounds for this petition to either 28 U.S.C. § 1651 or 28 U.S.C. § 2241 should the Court deem it necessary. *See id.* at 3.

Petitioner, therefore, does not address the findings in the R & R, aside from asserting that he is in fact in custody pursuant to a state court conviction. Petitioner's own petition, however, acknowledges that he was released from prison at some point after serving the sentence on his 1985

---

[3] Petitioner admitted that he filed a direct appeal, a PCR application, and a previous § 2254 Petition regarding the 1985 conviction, all of which were denied. *See* ECF No. 1 at 2–3. Presumably this is a second or successive PCR application.

South Carolina conviction. Accordingly, the Court agrees with the Magistrate Judge that Petitioner is no longer "in custody" pursuant to that judgment and thus may not attack the South Carolina conviction under § 2254.

Moreover, the Court finds that Petitioner has not set forth any argument as to why his petition would be proper under either § 1651 or § 2241. § 1651 simply gives the Court the power to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Petitioner has failed to provide any argument as to why relief would be proper under this section. Furthermore, to the extent Petitioner would seek to proceed under § 2241, he has not named the proper Respondent or filed the petition in the proper district. As the Fourth Circuit has explained, "[a] § 2241 petition should name as respondent 'the person who has custody over [the prisoner]." *United States v. Poole*, 531 F.3d 263, 270 (4th Cir. 2008) (citing 28 U.S.C. § 2242). "This 'immediate custodian rule' is the default, and is 'general[ly] applicab[le] . . . to habeas petitions challenging physical custody." *Id.* (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004)). As the Supreme Court has explained, "[w]henever a § 2241 petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Padilla*, 542 U.S. at 447. Finally, to the extent Petitioner seeks relief under § 2255, which challenges a federal sentence, Petitioner must "move the court which imposed the sentence to vacate, set aside or correct the sentence," 28 U.S.C. § 2255(a), which would be the United States District Court for the Western District of North Carolina. Accordingly, Petitioner has failed to show why he should be allowed to proceed in this Court under § 2241 or § 2255 either.

4

#### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, (2000); *see Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In the instant matter, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

#### CONCLUSION

After a thorough review of the record in this case, the Court agrees with the Magistrate Judge that Petitioner's § 2254 Petition should be dismissed without prejudice. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference.

Therefore, it is **ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** *without prejudice*. **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                          s/ R. Bryan Harwell
                                                          R. Bryan Harwell
                                                          United States District Judge

Florence, South Carolina
May 6, 2015